IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, # 9843, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v | )   Civil Action No. 3:08cv102-MHT |
| | ) |
| WILLIE R. COLLINS, WARDEN, | )                [WO] |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Johnny Hughley, an Alabama inmate, styles this action as a petition brought pursuant to 28 U.S.C. § 2241.[1] In his petition, Hughley challenges his 1990 conviction for possession of cocaine imposed against him by the Circuit Court of Lee County, Alabama. Upon review of Hughley's petition, it is clear that he is not entitled to relief from this court.

**I.   DISCUSSION**

Hughley contends his imprisonment violates his Fourth and Fifteenth Amendment rights because an uncounseled statement he made during police interrogation was improperly admitted in evidence at the 1990 state trial that resulted in his conviction for cocaine possession. Hughley attacks his conviction and he is in custody pursuant to the judgment

---

[1] Although Hughley's petition is date-stamped "received" on February 12, 2008, he signed the petition on February 4, 2008. Under the mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Hughley] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

of the Alabama court, therefore 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed pursuant to 28 U.S.C. § 2241. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. Accordingly, this court must apply the procedural restrictions contained in § 2254 to Hughley's petition.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

A review of the records of this court indicates that on March 5, 1999, Hughley filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the same 1990 cocaine-possession conviction imposed upon him by the Circuit Court of Lee County. *See Hughley v. Hightower, et al.*, Civil Action No. 3:99cv218-WHA. In the prior habeas action, this court denied Hughley relief from the conviction, finding that his application for habeas relief was barred by the statute of limitations, *see* 28 U.S.C. § 2244(d).

(*Id*. at Doc. Nos. 26 & 28.)

It is clear from the instant pleadings filed by Hughley that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Hughley's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed.[2]  *Id*. at 934.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The instant petition for habeas corpus relief filed by filed by Hughley be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Hughley has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

---

[2] Hughley purports to be in custody for the 1990 conviction, for which a 20-year sentence was imposed by the state court. However, even if he were no longer in custody for that sentence at the time he filed his petition, this court would lack jurisdiction to entertain the petition. *See Van Zant v. Florida Parole Commission*, 104 F.3d 325, 327 (11th Cir. 1997); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence").

It is further

ORDERED that on or before February 27, 2008, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of February, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE